PERSONALLY SERVED

| | |
|---|---|
| STATE OF MINNESOTA | DISTRICT COURT |
| COUNTY OF HENNEPIN | FOURTH JUDICIAL DISTRICT |

| | |
|---|---|
| Minagua S. Michaeleon, | SUMMONS |
| Plaintiff, | |
| vs. | Court File No: |
| City of Minneapolis; and Officer Sundiata Bronson and Officer Heather Sterzinger, in their individual and official capacities, | Case Type: Other |
| | Judge: |
| Defendants. | |

**THIS SUMMONS IS DIRECTED TO:**
 The City of Minneapolis;
 Minneapolis Office of the City Clerk; and
 Betsy Hodges, Mayor of the City of Minneapolis.

**1. YOU ARE BEING SUED.** The Plaintiff has started a lawsuit against you. The Plaintiff's Complaint against you is attached to this summons. Do not throw these papers away. They are official papers that affect your rights. You must respond to this lawsuit even though it may not yet be filed with the Court and there may be no court file number on this summons.

**2. YOU MUST REPLY WITHIN 20 DAYS TO PROTECT YOUR RIGHTS.** You must give or mail to the person who signed this summons **a written response** called an Answer within 20 days of the date on which you received this Summons. You must send a copy of your Answer to the person who signed this summons located at:

 The Law Office of Zorislav R. Leyderman
 222 South 9th Street, Suite 1600
 Minneapolis, MN 55402

**3. YOU MUST RESPOND TO EACH CLAIM.** The Answer is your written response to the Plaintiffs' Complaint. In your Answer you must state whether you agree or disagree with each paragraph of the Complaint. If you believe the Plaintiffs should not be given everything asked for in the Complaint, you must say so in your Answer.

[Stamp: FILED MINNEAPOLIS, MINN 14 NOV 26 AM 11:03 CITY CLERK DEPARTMENT]

1

| | |
|---|---|
| STATE OF MINNESOTA | DISTRICT COURT |
| COUNTY OF HENNEPIN | FOURTH JUDICIAL DISTRICT |

| | |
|---|---|
| Minagua S. Michaeleon,<br><br>           Plaintiff,<br><br>vs.<br><br>City of Minneapolis; and Officer Sundiata Bronson and Officer Heather Sterzinger, in their individual and official capacities,<br><br>           Defendants. | COMPLAINT WITH JURY DEMAND<br><br>Court File No:<br><br>Case Type: Other<br><br>Judge: |

## INTRODUCTION

1. This is an action for money damages brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the First and Fourth Amendments to the United States Constitution against the City of Minneapolis and Officers Bronson and Sterzinger, in their individual and official capacities.

2. It is alleged that the Defendants retaliated against Plaintiff for exercising his First Amendment rights and made an unreasonable seizure of Plaintiff's person, violating his rights under the Fourth Amendment to the United States Constitution.

## VENUE

3. Venue is proper in this Court pursuant to Minn. Stat. §§ 542.03 and 532.09, in that this cause of action arose in Hennepin County, MN.

1

## PARTIES

4. Plaintiff Minagua Michaeleon was at all material times a resident of the State of Minnesota and of full age.

5. Defendant Police Officers Bronson and Sterzinger were at all times relevant to this complaint duly appointed and acting officers of the police department of the City of Minneapolis, acting under color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the State of Minnesota and/or the City of Minneapolis.

6. The City of Minneapolis, Minnesota, is a municipal corporation and the public employer of the Defendant Officers.

## FACTS

7. On April 30, 2012, at approximately 8:30 p.m., Mr. Michaeleon visited the YMCA in downtown Minneapolis. Upon arrival, Mr. Michaeleon proceeded to the front desk and presented his membership card to the YMCA employee attending the desk.

8. Mr. Michaeleon recognized the front desk attendant and the two engaged in a brief conversation. Mr. Michaeleon noticed that the YMCA employee became upset during the conversation, but Mr. Michaeleon was never asked or ordered to leave. When Mr. Michaeleon noticed that the YMCA employee had become upset, Mr. Michaeleon proceeded to the locker room.

9. Once inside the locker room, Mr. Michaeleon noticed several other men going about their business. Mr. Michaeleon then undressed and proceeded to take a shower in the shower area.

10. Shortly after, Mr. Michaeleon heard the YMCA employee in close proximity. Mr. Michaeleon then looked in the same direction and saw the YMCA employee and Defendant

Officers Bronson and Sterzinger standing inside the shower area. Mr. Michaeleon was completely nude at the time and observed both Defendant Officers looking directly at him. Officer Bronson then approached Mr. Michaeleon and, without any warning or instructions whatsoever, grabbed hold of Mr. Michaeleon and slammed him to the tile floor. Mr. Michaeleon did not threaten, resist, or interfere with the Officers in any way prior to being thrown to the ground. Mr. Michaeleon experienced severe pain and discomfort from Officer Bronson's unnecessary assault.

11. Next, both Defendant Officers stomped, kneed, and kicked Mr. Michaeleon on his neck, back, and sides without justification. Mr. Michaeleon was not threatening, resisting, or interfering with the Defendant Officers in any way during the kneeing, stomping, and kicking and had fully submitted to the Defendant Officers. Mr. Michaeleon experienced severe pain and discomfort from the Defendant Officers' unnecessary assault.

12. After they finished assaulting Mr. Michaeleon, the Defendant Officers handcuffed Mr. Michaeleon behind his back and lifted him to his feet. At this time, Mr. Michaeleon stood completely nude and handcuffed behind his back in front of two police officers, one of whom was a female, which caused him to suffer severe shame, humiliation, and embarrassment.

13. The Defendant Officers then walked Mr. Michaeleon out of the shower room and back into the locker room. Mr. Michaeleon observed a number of other men in the locker room, which caused further shame, humiliation, and embarrassment.

14. The Defendant Officers then demanded to know where Mr. Michaeleon's locker was located, and Mr. Michaeleon immediately provided his locker number. Defendant Officer Sterzinger acted with particular cruelty and humiliation towards Mr. Michaeleon. Officer Sterzinger used a sadistic and demeaning tone of voice towards Mr. Michaeleon and repeatedly yelled

and swore at Mr. Michaeleon, using the terms "fuck," "fucking," and "shit" towards Mr. Michaeleon with surprising frequency.

15. It was clear that Defendant Officer Sterzinger was taking advantage of the situation to intentionally humiliate and dehumanize Mr. Michaeleon in front of other men and Defendant Officer Bronson. Mr. Michaeleon offered no resistance or interference with the Defendant Officers, and Defendant Officer Sterzinger should have never entered the locker room and should have exited the locker room after Mr. Michaeleon was handcuffed. Instead, Defendant Officer Sterzinger stayed inside the locker room for the sole purpose of humiliating, embarrassing, and degrading Mr. Michaeleon in front of others. It was also clear that Defendant Officer Sterzinger was enjoying psychologically abusing Mr. Michaeleon in front of other men.

16. Shortly after, the Defendant Officers partially dressed Mr. Michaeleon, took him outside, and placed him in their squad. On the way to the squad, Officer Sterzinger yelled at Mr. Michaeleon, "I fucking go you! I got you now!"

17. After placing Mr. Michaeleon in the squad, the Defendant Officers waited for the YMCA employee to issue Mr. Michaeleon a trespass notice and then started to drive away, with Mr. Michaeleon still in the squad. While driving, Mr. Michaeleon observed the Defendant Officers almost striking a pedestrian with their vehicle as a result of negligent driving and commented that the Officers almost hit a pedestrian. In response to his comment, Defendant Officer Sterzinger threatened to take Mr. Michaeleon to jail. While being transported, Mr. Michaeleon also heard Defendant Officer Bronson stating that Mr. Michaeleon had bruises on his back before the incident, which was not true.

18. The Defendant Officers then drove to the Salvation Army in Downtown Minneapolis, ordered Mr. Michaeleon out of the squad, un-handcuffed him, returned his property, and instructed him to walk away and sit on a wall approximately 20 feet away. Mr. Michaeleon followed the Officers' directive and went to sit on the wall near the Salvation Army.

19. While sitting on the wall, as directed by the Defendant Officers, Mr. Michaeleon observed the Defendant Officers sitting in the squad. Shortly after, Mr. Michaeleon observed Defendant Officer Sterzinger throw a piece of paper or tissue out of the squad window and to the ground. Mr. Michaeleon, surprised that a Minneapolis Police Officer would throw trash out her window, stated to the Defendant Officers, "Did I just see a Minneapolis employee litter?" Mr. Michaeleon did not threaten the Officers in any way and did not attempt to approach them prior to or while making this statement.

20. Immediately after Mr. Michaeleon made this statement, the Defendant Officers exited their squad, approached Mr. Michaeleon, grabbed him by the neck, and pushed him to the ground without any warnings or instructions. Mr. Michaeleon remained seated while the Defendant Officers approached and did not threaten or resist the Officers in any way. The Defendant Officers then used their fingers to apply pressure behind Mr. Michaeleon's ears without justification and for the sole purpose of hurting and injuring Mr. Michaeleon. As they assaulted Mr. Michaeleon, the Defendant Officers remarked, "You just don't know when to shut up" and, "You're going to jail."

21. The Defendant Officers then handcuffed Mr. Michaeleon, placed him back inside the squad, and transported and booked him into the Hennepin County Jail. On the way to the jail, the Defendant Officers intentionally drove the squad erratically, causing Mr. Michaeleon to bounce around in the backseat. The Defendant Officers laughed at Mr. Michaeleon on the

way to the jail and stated that they will report him as being uncooperative even though Mr. Michaeleon had been fully cooperative throughout the entire incident. The Defendant Officers then booked Mr. Michaeleon into the Hennepin County Jail, where Mr. Michaeleon was detained overnight.

22. As a result of the Defendants' actions, Mr. Michaeleon suffered physical pain and discomfort during and after the incident.

23. As a result of the Defendants' actions, Mr. Michaeleon suffered long-term injuries and bruising to his back, neck, left shoulder, and ribs.

24. As a result of the Defendants' actions, Mr. Michaeleon suffered emotional trauma and distress, shame, humiliation, embarrassment, fear, insecurity, stress, and diminished quality and enjoyment of life.

25. As a result of the Defendants' actions, Mr. Michaeleon was unlawfully arrested and suffered loss of freedom and liberty.

26. As a result of the Defendants' actions, Mr. Michaeleon required medical treatment and has incurred medical expenses.

## **INJURIES SUFFERED**

27. As a direct and proximate result of the said acts of the Defendants, Plaintiff suffered the following injuries and damages:

    a. Violation of his constitutional right to freedom of speech under the First Amendment to the United States Constitution;

    b. Violation of his constitutional right under the Fourth Amendment to the United States Constitution to be free from unreasonable seizures of his person;

    c.   Physical pain and suffering, in an amount in excess of $75,000;

    d.   Emotional trauma and suffering, in an amount in excess of $75,000;

    e.   Loss of liberty and freedom, in an amount in excess of $75,000;

    f.   Medical expenses.

## CLAIMS FOR RELIEF

### COUNT 1: 42 U.S.C. § 1983 – FIRST AMENDMENT RETALIATION AGAINST THE INDIVIDUAL DEFENDANTS

28. Paragraphs 1 through 27 are incorporated herein by reference as though fully set forth.

29. Based on the above factual allegations, the Defendant Officers, through their actions, acting under the color of state law, violated Plaintiff's constitutional right to free speech under the First Amendment to the United States Constitution. Specifically, Plaintiff exercised his right to free speech protected by the First Amendment when he criticized the Defendant Officers, and the Officers took action against Plaintiff that was sufficiently serious to chill a person of ordinary firmness from engaging in protected speech when they assaulted, threatened to jail, arrested, and jailed Plaintiff without justification. The Defendant Officers engaged in this conduct against Plaintiff in retaliation for Plaintiff exercising his First Amendment right to free speech.

30. As a result of these constitutional violations, Plaintiff suffered damages as aforesaid.

### COUNT 2: 42 U.S.C. § 1983 – FOURTH AMENDMENT UNREASONABLE SEIZURE AND EXCESSIVE FORCE AGAINST INDIVIDUAL DEFENDANTS

31. Paragraphs 1 through 27 are incorporated herein by reference as though fully set forth.

32. Based on the above factual allegations, the Defendant Officers, through their actions, acting under the color of state law, violated Plaintiff's constitutional right to remain free from

unreasonable seizures and use of excessive force under the Fourth Amendment to the United States Constitution when they assaulted Plaintiff without justification.

33. As a result of these constitutional violations, Plaintiff suffered damages as aforesaid.

### COUNT 3: 42 U.S.C. § 1983 – FOURTH AMENDMENT UNREASONABLE SEIZURE AND FALSE ARREST AGAINST INDIVIDUAL DEFENDANTS

34. Paragraphs 1 through 27 are incorporated herein by reference as though fully set forth.

35. Based on the above factual allegations, the Defendant Officers, through their actions, acting under the color of state law, violated Plaintiff's constitutional right to remain free from unreasonable seizures under the Fourth Amendment to the United States Constitution when the Defendant Officers arrested Plaintiff, took him into custody, and booked him into the Hennepin County Jail, all without a warrant and without probable cause to believe that Plaintiff had committed a crime.

36. As a result of these constitutional violations, Plaintiff suffered damages as aforesaid.

### COUNT 4: 42 U.S.C. § 1983 – FIRST AMENDMENT RETALIATION AGAINST THE CITY OF MINNEAPOLIS

37. Paragraphs 1 through 27 are incorporated herein by reference as though fully set forth.

38. Prior to April 30, 2012, Defendant City of Minneapolis developed and maintained policies and/or customs exhibiting deliberate indifference towards the constitutional rights of persons in the City of Minneapolis or in the custody of the City of Minneapolis, which caused the violations of Plaintiffs' constitutional rights.

39. It was the policy and/or custom of Defendant City of Minneapolis to inadequately supervise and train its employees, including the Defendant Officers, thereby failing to adequately prevent and discourage further constitutional violations on the part of its employees.

40. As a result of these policies and/or customs and lack of training, employees of the City of Minneapolis, including the Defendant Officers, believed that their actions would not be properly monitored by supervisory employees and that misconduct would not be investigated or sanctioned, but would be tolerated.

41. These policies and/or customs and lack of training were the cause of the violations of Plaintiff's constitutional rights alleged herein.

## RELIEF REQUESTED

**WHEREFORE, Plaintiff requests that this Court grant the following relief:**

a. Issue an order granting Plaintiff judgment against Defendants, finding that Defendants violated Plaintiff's constitutional rights under the First and Fourth Amendments to the United States Constitution and that Defendants are liable to Plaintiff for all damages resulting from these violations;

b. Award of compensatory damages to Plaintiff against all Defendants, jointly and severally;

c. Award of punitive damages to Plaintiff against all Defendants, jointly and severally;

d. Award of reasonable attorney's fees and costs to Plaintiff pursuant to 42 U.S.C. § 1988;

e. Award of such other and further relief as this Court may deem appropriate.

THE PLAINTIFF HEREBY DEMANDS A JURY TRIAL.

THE LAW OFFICE OF ZORISLAV R. LEYDERMAN

Dated: October 27, 2014

By: s/ Zorislav R. Leyderman
ZORISLAV R. LEYDERMAN
Attorney License No. 0391286
Attorney for Plaintiff
The Law Office of Zorislav R. Leyderman
222 South 9th Street, Suite 1600
Minneapolis, MN 55402
Tel: (612) 876-6626
Email: zrl@ZRLlaw.com